Jane F. Reid, SBN 109642
**The Law Office of Jane F. Reid**
P.O. Box 715
Occidental, California  95464
Telephone:    (707) 874-9539
Facsimile:    (707) 874-2718

Stanley M. Ziegler, SBN 073281
**The Law Offices of Sherman & Ziegler**
Washington Mutual Bank Building
2740 Van Ness Avenue, Suite 300
San Francisco, California  94901
Telephone:    (415) 453-4426
Facsimile:    (415) 453-9992

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SCHULTZ and CHARLES SCHULTZ, <br><br> Plaintiffs, <br><br> vs. <br><br> COTATI-ROHNERT PARK UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. <br><br> COMPLAINT FOR ATTORNEYS' FEES UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT |

Plaintiffs, for a claim for relief against defendant, allege as follows:

INTRODUCTION

1. Invoking this Court's jurisdiction pursuant to 20 U.S.C. Section 1415 and 28 U.S.C. Section 1331, this action is commenced to recover attorneys' fees incurred in connection with an administrative proceeding under the Individuals With Disabilities Education Act, 20 U.S.C. Section 1400 et. seq. (hereinafter "IDEA").  As the prevailing parties in the administrative proceeding, plaintiffs are entitled to an award of reasonable attorneys' fees.

## JURISDICTION AND VENUE

2. This action arises under the laws of the United States. Jurisdiction is conferred on this Court pursuant to 20 U.S.C. Section 1415 and 28 U.S.C. Section 1331.

3. Venue is proper in this Court under 20 U.S.C. Section 1391(b). The defendant resides within the Northern District of California and all of the events which are the subject of this complaint took place within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

4. Assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate pursuant to the Local Rules for the United States District Court, Northern District of California, Rule 3-2 (c) and (d) because all of the events which are the subject of this complaint took place in the County of Sonoma, State of California.

## PARTIES

5. Plaintiffs Rebecca and Charles Schultz reside in the County of Sonoma and are the parents of J, a minor, (hereafter, for purposes of confidentiality, "Student"). At all times relevant, Student was enrolled in the Cotati-Rohnert Park Unified School District (hereinafter "defendant") and was and continues to be an individual with disabilities within the meaning of IDEA. At all times relevant, plaintiffs held Student's educational rights and were and are entitled to take action with respect thereto on her behalf. 20 U.S.C. Section 1415(b),(m).

6. Defendant is a public entity organized and existing under the laws of the State of California. Pursuant to the Constitution and laws of the State of California, defendant has a duty to provide a free public school education to all students enrolled in its school district.

## STATUTORY SCHEME UNDER IDEA

7. IDEA was adopted in 1975 to ensure that children with disabilities received a public school education. In adopting IDEA, Congress found that over one-half of the children with disabilities in the United States were not receiving an appropriate education (20 U.S.C. Section

1400(c)(2)(A)) and that there were "many children with disabilities throughout the United States participating in regular school programs whose disabilities prevented such children from having a successful educational experience because their disabilities were undetected." 20 U.S.C. Section 1400(c)(2)(D).  Therefore Congress adopted the IDEA "to ensure that all children with disabilities have available to them a free appropriate education that emphasizes special education and related services designed to meet their unique needs . . . " 20 U.S.C. Section 1400(d)(1)(A) and "to assess, and ensure the effectiveness of, efforts to educate children with disabilities." 20 U.S.C. Section 1400(d)(1)(C)(4).

8. Pursuant to 20 U.S.C. Section 1415, any parent may present a complaint concerning the identification, evaluation, or educational placement of a child, or the provision of a free appropriate education to such child, and have the complaint resolved in an impartial due process hearing.  As required by IDEA, California has established an impartial due process hearing process conducted by the California Special Education Hearing Office ("Hearing Office").  As part of this process, administrative hearings are held by the Hearing Office to resolve disputes.  Decisions rendered are final, absent appeal to a court of competent jurisdiction. 20 U.S.C. Section 1415(I).

## CLAIM FOR RELIEF

9. Defendant herein is responsible for providing the free and appropriate education required by IDEA to eligible students residing within its boundaries or otherwise enrolled in its school district.  At all times relevant, plaintiffs herein have resided within the boundaries of the defendant school district and defendant is Student's "local educational agency" within the meaning of 20 U.S.C. Section 1401(15).

10. Student was initially identified as an individual with disabilities within the meaning of IDEA in 1994, while in 1st grade.  Eligibility was based upon a specific learning

disability and Student has maintained such eligibility ever since.

11. In November 2002, Student's parents invoked their right to an administrative hearing before the Hearing Office. Although Student was of average cognitive ability, and although she had been receiving the most intensive services available on a comprehensive public high school campus, by 10th grade Student was only able to read at a 3rd-4th grade level and write at a 2nd grade level. Plaintiffs contended defendant failed to offer Student appropriate educational services sufficient to afford her at least *some* educational benefit, as is required by the IDEA.

12. Accordingly, on November 3, 2002, plaintiffs requested an administrative hearing in accordance with the procedures authorized by 20 U.S.C. Section 1415 and in accordance with the practices of the Hearing Office, to obtain an appropriate educational program and placement. The administrative hearing was set by the Hearing Office to commence on December 3, 2002.

13. As part of the administrative process, the Hearing Office offers a mediation conference prior to holding the administrative hearing, to allow the parties the opportunity to resolve disputes through settlement. Mediation is generally highly successful in resolving special education matters. However, meeting in mediation usually requires postponing the hearing to allow sufficient time for the parties to meet. In the present matter, defendant refused to agree to a postponement of the administrative hearing, rendering it impossible for the parties to meet in mediation prior to the start of the administrative hearing.

14. Defendant made plaintiffs no offer of settlement pursuant to 20 U.S.C. Section 1415(i)(3)(D).

15. The administrative hearing was held on December 3, 10, 11, 12, 13, 17, 18 and 19, 2002. The issues addressed therein were whether or not defendant had offered Student an

Complaint
Page   4

appropriate education for the 2002-03 school year and, if not, the nature of the educational program Student required in order to benefit from her education.  Plaintiffs also sought reimbursement for two private assessments they had obtained to determine the nature and extent of Student's disabilities.

16. Decision was rendered on January 23, 2003 wherein Student was determined to be the prevailing party on all but two minor issues.  The Hearing Office determined defendant had <u>not</u> offered Student the free, appropriate public education to which she was entitled under IDEA and ordered defendant to provide her with the type of educational services she had requested.  The Hearing Office further ordered Student to be reimbursed for one out of the two assessments.  Student was not awarded placement in a specific school.  Instead, defendant was ordered to hold a meeting to design and offer her a program that included all of the elements she had sought through the administrative process.  A true and correct copy of the Decision[1] is attached hereto as Exhibit "A" and hereby incorporated by reference as if fully set forth.

17. Accordingly, pursuant to 20 U.S.C. Section 1415(i)(3)(B), Student is the prevailing party in the administrative hearing and plaintiffs are entitled to reimbursement by defendant for their reasonable attorneys' fees and costs incurred therein.

18. Plaintiffs retained Jane F. Reid and Stanley M. Ziegler, attorneys, to represent them in connection with the due process proceeding.  From the date of initiating administrative proceedings until this matter was resolved, plaintiff incurred reasonable attorneys' fees and costs in the amount of $139,666.24.

19. On April 2, 2003, plaintiffs made a demand in writing upon defendant that it pay plaintiffs' reasonable attorneys' fees. To date, defendant has failed to do so.

---

[1] Plaintiffs have attached the "cleansed" Decision, redacting Student's name, in order to protect the confidentiality of Student.

20. Pursuant to 20 U.S.C. Section 1415 (i)(3)(G), defendant is precluded from seeking any reduction of plaintiffs' attorneys' fees and costs incurred in the administrative proceeding because defendant unreasonably protracted the resolution of the administrative process and violated significant provisions of 20 U.S.C. Section 1415.

## ATTORNEYS FEES AND COSTS

20. In bringing this action, plaintiffs are further entitled herein to an award of reasonable attorneys' fees and costs incurred herein pursuant to 20 U.S.C. Section 1415.

## REQUEST FOR RELIEF

Plaintiffs respectfully request the following relief:

1. For attorneys' fees and costs incurred in the administrative proceeding in the amount of $139,666.24.

2. For costs, disbursements and reasonable attorneys' fees in bringing this action.

3. For such other and further relief as this Court may deem proper.

DATED: May 5, 2003

The Law Office of Jane F. Reid
The Law Offices of Sherman & Ziegler

/s/ Jane F. Reid
_____
JANE F. REID
STANLEY M. ZIEGLER
Attorneys for Plaintiffs